IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICK GUARDINO, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No. 22-cv-06797 |
| v. | ) |
| | )  Judge Andrea R. Wood |
| JOYKUTTY SKARIA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff's motion for entry of default judgment [26] is denied without prejudice. By 10/29/2025, Plaintiff may file a renewed motion and supporting memorandum, as well as a revised proposed default judgment order. These filings must identify with precision the scope of injunctive relief Plaintiff is requesting as to each alleged violation and why Plaintiff is entitled to such relief. See the accompanying Statement for more details.

## STATEMENT

Plaintiff Rick Guardino alleges that he uses a wheelchair to accommodate substantial mobility limitations. (Compl. ¶¶ 5–6, Dkt. No. 1.) In this action, he accuses Defendants Joykutty Skaria and Aleyamma Joykutty of discriminating against him on the basis of his disability by failing to remove physical barriers to access at the gas station they operate. (Compl. ¶¶ 13, 15.) To that end, the Complaint lists a series of alleged violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") that Plaintiff "experienced and/or observed" when he visited the gas station. (*Id.* ¶ 28.) Plaintiff pursues injunctive relief under the Americans with Disability Act of 1990, as amended ("ADA"), 42 U.S.C. § 12181 *et seq.* Defendants failed to respond to the Complaint, so the Court entered default. (Dkt. No. 20.)

Plaintiff then filed the instant motion for entry of default judgment. (Mot. for Default J., Dkt. No. 26.) In his proposed judgment, Plaintiff requests that the Court enjoin Defendants "from maintaining the barriers to access as alleged by Plaintiff in the Complaint" and that the Court order Defendants to "eliminate the barriers identified in Paragraph 28(a) through (l) of the Complaint and bring the property into compliance with ADA standards" within 180 days. (Mot. for Default J., Ex. B ("Proposed Default Judgment Order"), Dkt. No. 26-2.) Plaintiff also seeks attorney's fees "in the amount of $7,920." (*Id.*) Although Plaintiff's counsel submitted a declaration in connection with the requested attorney's fees, (Mot. for Default J., Ex. A ("Andres Decl."), Dkt. No. 26-1), the materials do not include an affidavit from Plaintiff himself. Also, the memorandum in support of the motion provides no more than a brief overview of the standard generally governing default judgments. (Mem. in Support of Mot. for Default J., Dkt. No. 27.)

### I. Stating a Claim for Relief

Before entering default judgment, the Court must determine whether the Complaint states a claim for relief. *Foodworks USA, Inc. v. Foodworks of Arlington Heights, LLC*, No. 10 CV 1020, 2015 WL 1344091, at *2 (N.D. Ill. Mar. 19, 2015). Courts generally accept allegations as true when considering liability at this stage, but such leniency does not extend to poorly pled allegations. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) ("Upon default, the **well-pled** allegations of the complaint relating to liability are taken as true . . . ." (emphasis added)). And for allegations to qualify as well-pled under Federal Rule of Civil Procedure 8(a)(2), they must "provide some specific facts to support the legal claims asserted in the complaint," such that they collectively "present a story that holds together." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). That said, "federal pleading standards do not demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) (internal quotation marks omitted).

Here, to state a claim under Title III, Plaintiff "must allege that [Defendants] operate[] a 'place of public accommodation,' and that [he] was discriminated against because of [his] disability." *Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 WL 7666740, at *4 (N.D. Ill. Nov. 15, 2023). As relevant to Plaintiff's claim specifically, "discrimination" under Title III includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

The Complaint clearly satisfies at least a couple of the required elements. For one thing, there is little doubt that Defendants' alleged operation of the gas station suffices to bring them within the scope of Title III; a "gas station" explicitly constitutes a public accommodation under the terms of the statute. 42 U.S.C. § 12181(7)(F). Likewise, the allegations that Plaintiff uses a wheelchair due to his substantial mobility limitations demonstrate his disability for present purposes. *See* 42 U.S.C. § 12102(1)(A) (defining "disability" in part as "a physical or mental impairment that substantially limits one or more major life activities").

But whether the Complaint adequately alleges that Defendants discriminated against Plaintiff due to his disability is a closer question. Many of the allegations on this front are vague, conclusory, and littered with boilerplate legal assertions. Such allegations do not comply with Rule 8 and therefore cannot support entry of default judgment. *See Kennedy v. Shubhango Inc.*, No. 120CV01133SLDJEH, 2021 WL 4494606, at *3 (C.D. Ill. Sept. 30, 2021) ("On the whole, the vague and generic factual allegations in Plaintiff's Complaint [regarding Title III] are insufficient to give rise to liability against Defendant for the noncompliant websites, and for that same reason, they are an insufficient basis for the Court to enter a default judgment.").

Still, the Court concludes that Plaintiff has done just enough to allege discrimination. The Complaint's list of specific ADAAG violations, for example, does include factual allegations as to the physical barriers at Defendants' facility. (Compl. ¶ 28.) Despite the barebones statements regarding how each of these violations impeded Plaintiff's access, the allegations at least suffice to "give [Defendants] fair notice of what the claim is and the grounds upon which it rests." *Brown v. Meisner*, 81 F.4th 706, 708 (7th Cir. 2023) (internal quotation marks omitted).

The same is true to the extent Plaintiff must allege that removing the barriers would be "readily achievable" under 42 U.S.C. § 12182(b)(2)(A)(iv). Courts have recognized that, in the summary judgment context, plaintiffs must make an initial showing on this issue before the burden flips to the defendants. *Ryan v. Kohl's Corp.*, No. 17 CV 5854, 2018 WL 4616355, at *3 (N.D. Ill. Sept. 26, 2018). Even more, some courts have cited the failure to adequately plead this element as a basis for denying a default judgment motion. *See, e.g.*, *Bouyer v. Shaina Prop., LLC*, No. CV203930FMOPLAX, 2020 WL 7775618, at *1–2 (C.D. Cal. Nov. 2, 2020). In this case, Plaintiff's Complaint addresses the ease of removing the alleged barriers in generic terms; the relevant paragraphs include no specific mentions of Defendants, the gas station, or the alleged violations. (Compl. ¶¶ 33–37.) All the same, given the forgiving lens through which the Court reviews the Complaint, this is enough to satisfy his pleading burden. *See Langer v. Euclid Ave., LLC,* No. 19-CV-2384 DMS (DDL), 2022 WL 3588320, at *3 (S.D. Cal. Aug. 22, 2022) ("Plaintiff's allegation that removal of such barriers is readily achievable is sufficient to satisfy his burden of production because his allegations are taken as true upon default." (internal quotation marks omitted)).

Plaintiff has thus stated a claim for purposes of entering a default judgment.

### II. Appropriate Relief

The Court turns to considering the propriety of Plaintiff's requested relief. With regard to the proposed injunction, the Court accepts the truth of the Complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 605 (7th Cir. 2007). But that does not mean Plaintiff is entitled to whatever equitable remedy he wants; at the default judgment stage, the "[i]njunctive relief must be tailored to the specific needs of the case." *Deckers Outdoor Corp. v. Yao Long He*, No. 1:19-CV-07920, 2020 WL 1983876, at *2 (N.D. Ill. Mar. 11, 2020); *see also* Fed. R. Civ. P. 65(d) (describing the specificity necessary in an order granting an injunction). If the proposed injunction is not so aligned, the court should not enter it. *See e360 Insight*, 500 F.3d at 605 (deeming an injunction improperly overbroad because it did "not bear a legitimate relationship to the facts necessary to support the entry of a default judgment").

Here, the Court has significant concerns about the threadbare nature of the Complaint as well as the materials Plaintiff submitted in support of the default judgment. The text of the proposed default judgment order in particular simply reads, "Defendants are enjoined from maintaining the barriers to access as alleged by Plaintiff in the Complaint and within [180] days from the date of this Judgment, Defendants shall eliminate the barriers identified in Paragraph 28(a) through (l) of the Complaint and bring the property into compliance with ADA standards." (Proposed Default Judgment Order.) Such vague language cannot "provide guidance to the scope of the injunction." *McCarthy v. Fuller*, 810 F.3d 456, 461 (7th Cir. 2015). None of the other filings related to the default judgment offer illumination. And as discussed above, the Complaint is so generic it is minimally helpful at best. *See Dunbar v. Buddha Bodai Two Kosher Vegetarian Restaurant, Inc.*, No. 1:19-CV-05176-GHW, 2020 WL 12863802, at *7 (S.D.N.Y. Nov. 24, 2020) ("The Court has accepted these allegations for purposes of establishing liability. But to craft a remedy . . . the Court does not rely on thinly pleaded allegations alone." (footnote omitted)).

Granted, the language from the proposed order somewhat tracks the text of 42 U.S.C. § 12188(a)(2). That provision authorizes courts facing claims like this one to enter an injunction

that requires the defendant "to alter facilities to make [them] readily accessible to and usable by individuals with disabilities to the extent" Title III requires. *Id.* Yet courts still require Title III plaintiffs to describe in specific terms the scope of the relief they are requesting, including by explaining what they think the defendants need to do to comply with the ADA. *See, e.g.*, *Kennedy v. Shubhango Inc.*, No. 120CV01133SLDJEH, 2021 WL 4494606, at *4 (C.D. Ill. Sept. 30, 2021). To put a finer point on it, "[m]erely ordering someone to comply with the ADA, without giving any direction as to what changes must take place, does not rise to the level of specificity required by the Federal Rules of Civil Procedure." *Burgess v. Webster*, No. 4:22-CV-01158-AGF, 2023 WL 8448981, at *2 (E.D. Mo. Dec. 6, 2023) (internal quotation marks omitted).

As a result, Plaintiff must supplement the materials he submitted in connection with the default judgment to describe ***in detail*** the precise relief he requests for each alleged violation. Mere references to the Complaint are insufficient; the injunction order itself needs to describe its scope "in reasonable detail." Fed. R. Civ. P. 65(d)(1)(C). In the new filings, Plaintiff must also explain why conforming to the proposed injunction would be "readily achievable" as to each violation. *Dunbar*, 2020 WL 12863802, at *7–9.[1] Further, Plaintiff must explain which version of the ADAAG (1991 or 2010) governs each violation, paying special heed to the regulatory safe-harbor provision from 28 C.F.R. § 36.304(d)(2).[2] Boilerplate, generic language will not suffice.

---

[1] In the alternative, Plaintiff may argue that he need not make any showing as to this element with the understanding that the Court need not accept this position.

[2] Per the safe-harbor provision, the 2010 ADAAG does not apply to an element that "has not been altered on or after March 15, 2012[,] and already complies with the 1991 Standards". *Scott Johnson v. Simper Investments, Inc.*, No. 20-CV-01061-HSG, 2021 WL 4749410, at *4 (N.D. Cal. Oct. 12, 2021). Here, according to the Complaint, each alleged deficiency would violate both the 1991 and 2010 versions of the ADAAG. (Compl. ¶ 28.) Thus, it might seem that the 2010 version would control across the board. *See* 28 C.F.R. § 36.304(d)(2)(ii)(B) ("On or after March 15, 2012, elements in existing facilities that do not comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards must be modified to the extent readily achievable to comply with the requirements set forth in the 2010 Standards."). But the Complaint suggests that the 1991 ADAAG provides the governing standard for at least some elements. (Compl. ¶ 32.) Therefore, Plaintiff's supplemental brief should explain with exactness which standard he believes applies to each alleged violation and why.

      The last issue to consider is Plaintiff's request for attorney's fees totaling $7,920.00. The Court can indeed award such relief. 42 U.S.C. § 12205. Still, requests for attorney's fees require evidentiary support regarding their reasonableness even in default-judgment cases. *Hinders v. Shiva 3, Inc.*, No. 2:19-CV-03080, 2022 WL 779767, at *5 (C.D. Ill. Mar. 14, 2022). Here, Plaintiff offers a declaration stating that his counsel's "standard hourly billing rate is $450.00" and that he "performed a total of 17.6 hours of services in connection with this matter." (Andres Decl. ¶¶ 3–4.) Counsel adds that, "in [his] professional opinion," these services "were reasonable and necessary." (*Id.* ¶ 5.) Although the Court would typically require a more detailed breakdown of how counsel spent his time, this declaration suffices given the relatively low number of hours. That said, if counsel needs to devote a substantial amount of time to comply with this Orderand Plaintiff wants to recover the corresponding fees, he should consider submitting a more fulsome filing to support his request.

Dated: September 30, 2025

                                                    Andrea R. Wood
                                                    United States District Judge